**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WILLIE P. ANDREWS
ADC # 81980                                                                                              PLAINTIFFS

V.                             CASE NO. 5:08CV00149 JMM/BD

LARRY NORRIS, *et al.*                                                                                DEFENDANTS

**RECOMMENDED DISPOSITION**

I.   **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Partial Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

II.     **<u>Background</u>:**

On May 21, 2008, Plaintiff brought this action pro se under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights (docket entry #2). Specifically, Plaintiff claims that on December 29, 2006, Defendant Green collected a urine sample from Plaintiff to test for illegal drugs. On January 2, 2007, Defendant Nalls issued Plaintiff a disciplinary for the use of marijuana, based on the results of the urinalysis. On January 4, 2007, Plaintiff was found guilty of the disciplinary. As a result of the disciplinary conviction, Plaintiff's classification was reduced, and he was sentenced to thirty days punitive isolation (#18-3). In addition, Plaintiff sustained a loss of up to 365 days of good time (#18-3). This decision was affirmed by Defendants Cashion, Gibson, and Norris (#18-4, #18-5, and #18-6).

Plaintiff alleges that he was never provided with the toxicology report, and that it was not available at the disciplinary hearing. Plaintiff asks for damages for losses that occurred as a result of the disciplinary hearing, including work-craft items, loss of one year's good time, and court costs.

On July 11, 2008, Defendants Larry Norris, James Gibson, Mark Cashion, Ronald Gana, Oscar Green, Johnnie Harris, and Garry Nalls filed a Motion to Dismiss Plaintiff's Complaint (#17). In the Motion, Defendants contend that: (1) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994); (2) Plaintiff cannot establish a liberty interest implicating due process; (3) respondeat superior does not apply

to § 1983 actions; (4) Defendants are entitled to sovereign immunity; and (5) Defendants are entitled to qualified immunity.

Defendants have attached multiple exhibits to their brief in support of the Motion to Dismiss, including: (1) a Major Disciplinary dated December 29, 2006; (2) a toxicology report dated December 26, 2006; (3) disciplinary action papers dated January 4, 2007; and (4) responses to Plaintiff's disciplinary appeal (#18).  The Court converted Defendants' Motion to Dismiss to a Motion for Summary Judgment (#19) and provided Plaintiff an opportunity to respond.  Plaintiff has responded to the Defendants' Motion (#21).  In addition, both parties have now provided Statements of Material Facts (#22 and #24).  The Court finds that Defendants' Motion (#17) should be GRANTED.[1]

**III.    Discussion:**

  A.    *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986).  Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing

---

[1] Because the Court finds that Plaintiff's constitutional claims fail as a matter of law, it is not necessary to address the issues of respondeat superior, sovereign immunity, or qualified immunity in this Recommendation.

that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

   B.   *Due Process Claim*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a federally protected right and show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988). As an initial matter, the Court notes that Plaintiff repeatedly alleges that Defendants violated ADC policy and procedures. For example, Plaintiff claims that Defendants violated Administration Regulation #831 requiring that disciplinary hearing officers be randomly rotated through the ADC units (#21). Unfortunately for Plaintiff, violation of an ADC policy does not constitute a constitutional violation. *Kennedy v. Blnakenship*,

100 F.3d 640, 643 (8th Cir. 1996). Accordingly, to the extent that Plaintiff claims that Defendants acted in violation of ADC policy or procedure, these claims fail.

In addition, to the extent that Plaintiff claims that he sustained a loss in classification status without due process, this claim also fails. Plaintiff has no liberty interest in classification. See *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005) (unpublished per curiam) (holding that inmate does not have a constitutional right to a particular classification); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2003) (unpublished per curiam) (no liberty interests in particular classification); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (stating that "[t]he Due Process Clause does not itself create a liberty interest in a particular prison classification"); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990) (ADC inmate has no right to consideration of Class I status); and *Strickland v. Dyer*, 628 F.Supp.180, 181 (E.D. Ark. 1986) (because Arkansas law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, ADC prisoner could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction). Without the underlying liberty interest, Plaintiff cannot maintain an action for violation of his due process rights.

Similarly, Plaintiff's claim regarding his thirty-day assignment to punitive isolation fails. Plaintiff must have suffered a restraint of liberty when he was assigned to punitive isolation in order to state a claim. He bears the burden of proving that the restraint

imposed is an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 482-84, 115 S.Ct. 2293 (1995). In this case, Plaintiff cannot make this required showing. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (thirty-six day stay in isolation after charges were dropped was not an atypical and significant hardship); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002); and *Kennedy v. Blankenship*, *supra*.

However, the deprivation of a prisoner's good-time credits does implicate liberty interests protected by the Due Process Clause. See *Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-58, 94 S.Ct. 2963 (1974)). If a prison disciplinary hearing may result in the loss of good time credits, the inmate must receive: (1) advance written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decision maker identifying the evidence relied on and the reasons for the disciplinary action. See *Hrbek v. Nix*, 12 F.3d 777, 780 (8th Cir. 1993) (citing *Wolff v. McDonnell*, 418 U.S. at 563-67); *Espinoza v. Peterson*, 283 F.3d at 951-52 (citing *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)).

Here, Plaintiff challenges both the disciplinary procedures and the results of the disciplinary hearing. He alleges that his due process rights were violated, which resulted,

most significantly, in a loss of good time credits.[2] A challenge to both the procedures used in the hearing and the results of the hearing would necessarily invalidate those violations and the resulting punishments. Accordingly, this case falls within the ambit of *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997) and *Heck v. Humphrey*, *supra*.

In *Balisok*, the Court held that a plaintiff could not seek declaratory relief or money damages in a § 1983 action based upon allegations that prison officials used the wrong procedures in a disciplinary action which resulted in a loss of good time. Although the Plaintiff in *Balisok* did not allege that the prison officials reached the wrong result in the disciplinary proceedings, the Court ruled that the nature of the challenge to the proceeding would necessarily imply the invalidity of those proceedings.

Here, Plaintiff claims that "the entire disciplinary hearing process was invalid" (#21). Further, unlike the plaintiff in *Balisok*, here, Plaintiff states that the urine sample tested was not his urine sample, and that his urine sample would not have tested positive for THC/marijuana (#24). Thus, Plaintiff claims that prison officials did reach the wrong result and that he is innocent of the disciplinary for which he was charged. Accordingly,

---

[2] The Court notes that Defendants' alleged failure to return Plaintiff's hobby craft tools does not violate Plaintiff's Fourteenth Amendment rights. In *Hudson v. Palmer*, 468 U.S. 517, 529-30, 104 S.Ct. 3194 (1984), the United States Supreme Court held that when a state actor deprives a person of personal property, the person does not have a § 1983 claim if state law provides an adequate post-deprivation remedy. The State of Arkansas provides such a remedy through the Arkansas Claims Commission. See ARK. CODE ANN. § 19-10-204(a) (vesting the Arkansas State Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions").

if the Court were to determine that the hearing was invalid, it would necessarily invalidate the results of that hearing.  As such, this action is not cognizable under § 1983, unless Plaintiff's conviction was reversed, expunged, or called into question by a state tribunal or federal court.  See *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (citing *Heck v. Humphrey*, *supra*) ("when inmate's success on a § 1983 claim would necessarily imply invalidity of a result of disciplinary proceedings . . . § 1983 claim does not arise until state or federal habeas court has invalidated disciplinary result").

**IV.     Conclusion:**

The Court recommends that Defendants' Motion for Summary Judgment (#17) be GRANTED and that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE.

DATED this 19th day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE